# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD WILLIAM HUDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 2:17-CV-0589-DMC<br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment remanding the matter was entered on September 20, 2018. Pending before the court is plaintiff's motion for an award of $6,848.38 in fees plus $19.86 in costs under the Equal Access to Justice Act (EAJA) (Doc. 25).[1]

///
///
///
///

---

[1] Plaintiff seeks compensation for attorney time and paralegal time.

1

# I. BACKGROUND

Plaintiff initiated this action by way of a complaint filed on March 20, 2017. The certified administrative record was served on plaintiff and lodged with the court on or about July 26, 2017, consisting of 420 pages. Thereafter, plaintiff filed a 12-page opening brief on the merits on September 11, 2017. In his brief, plaintiff argued: (1) the ALJ erred at Step 2 in finding his headaches and anxiety non-severe; (2) the ALJ's Step 4 residual functional capacity assessment is also flawed due to the Step 2 error; and (3) the ALJ failed to develop the record. The court found the ALJ erred at Step 2 and remanded the matter for further proceedings.

# II. DISCUSSION

Because this court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation

position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

Under the EAJA, the court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. Finally, fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

In this case, defendant argues the Commissioner's position was substantially justified. Defendant also argues the amount of fees requested is unreasonable.[2]

///
///
///
///
///

---

[2] Defendant does not challenge the claimed hourly rates, and concedes the amount requested in costs is appropriate.

3

1 | As defendant acknowledges, this court remanded for further proceedings because
the ALJ applied the incorrect legal standard with respect to the severity of plaintiff's headache impairment at Step 2. Because there is no reasonable basis in law for the government to defend the ALJ's application of an incorrect legal standard, the court finds the Commissioner's position was not substantially justified. See Flores, 42 F.3d at 569-71.

Defendant also objects to the reasonableness of the fees requested. According to defendant, this case was not complex nor did it raise novel issues and, for these reasons, counsel spent an unreasonable amount of time reviewing the record and preparing plaintiff's opening brief. Defendant contends plaintiff has not met the burden of establishing reasonableness, but does not explain why. Nor does defendant offer any argument as to the specific billing in this case related to record review, research, or writing. Defendant merely concludes the court should deduct 2 hours "[a]t a minimum." Having reviewed counsel's declarations regarding time spent on this case, the court does not find the hours claimed to be unreasonable.

Next, defendant argues the claimed time is unreasonable to the extent counsel billed a minimum of six minutes for tasks which defendant characterizes as perfunctory. According to defendant, the court should deduct 2.1 attorney hours, presumably accounting for billing entries of six minutes of time. Defendant does not, however, specifically address each of the challenged billing entries or explain how any six-minute billing entry was related to a perfunctory task. Having reviewed the time sheets submitted, the court cannot say that each of the six-minute time entries related to a perfunctory task.

Finally, defendant objects to paralegal time to the extent such time was spent on clerical or secretarial tasks. Having reviewed the time sheet for paralegal time submitted at Exhibit C to the instant motion, the court agrees. It appears that much of the time billed was for clerical and secretarial tasks. Counsel has billed paralegal time at a rate of $125.00 per hour. The court finds a reduction of 6 hours paralegal time spent on clerical and secretarial tasks described in Exhibit C is appropriate, for a total reduction in the amount of $750.00.

/ / /

/ / /

4

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an award of fees under the EAJA is granted;

2. Plaintiff is awarded $6,098.37 in fees plus $19.86 in costs, for a total of $6,118.24, payable to plaintiff.

Dated: May 7, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE